Douglas E. McKinley, Jr.
PO Box 202
Richland, WA 99352
(509) 628-0809

i.Justice Law, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 304-5400

HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **OMNI INNOVATIONS, LLC, a Washington Limited Liability company; and JAMES S. GORDON, JR., a married individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**APOLLO GROUP, INC., an Arizona corporation; UNIVERSITY OF PHOENIX, INC., an Arizona corporation; and JOHN DOES, I-X,**<br><br>Defendants. | CASE NO. C07-0222-JCC<br><br>**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL**<br><br>NOTE FOR HEARING:<br>August 31, 2007 |

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 1

OMNI v. APOLLO

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

1  In Mr. Gordon's "Memorandum and Declaration" in opposition to counsel's motion to withdraw, Mr. Gordon sets forth numerous factual allegations against Mr. Siegel and Mr. McKinley (hereafter "counsel").  Mr. Gordon apparently believes these allegations will somehow serve as a basis for the Court to require counsel to continue to represent Mr. Gordon and/or Omni Innovations, LLC (hereafter "Gordon").  However, quite the contrary, Gordon's allegations actually bolster counsel's argument that this Court should grant counsel's motion to withdraw.

The Court need not determine whether Gordon's allegations are true or false to decide the much more narrow question of whether counsel should be compelled to continue to represent Gordon in this case.  Accordingly, counsel is not going to provide a detailed response to Gordon's allegations except as follows:

Counsel denies that any of Gordon's cases were brought for any reason other than Gordon's professed desire, and authorization to bring those cases.  Gordon's allegations to the contrary are, at a minimum, suspect on their face, as without Gordon first identifying and producing the offending spam, as well as the party responsible for sending it, initiating these cases would have been virtually impossible.  Further, Gordon's allegation in this regard is patently belied by that part of Gordon's complaining that counsel didn't bring MORE of his cases.  Prior to counsel ever becoming involved with Gordon, Gordon had begun initiating "spam lawsuits" on his own, pro se, and as recently as this month, Gordon has

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 2

OMNI v. APOLLO

**i.Justice Law, P.C.**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

1  initiated further pro se proceedings in the Washington State Superior Courts
2  against parties named in his federal lawsuits.  By his words and actions, Gordon
3  has demonstrated beyond the shadow of any doubt that Gordon himself was the
4  driving force behind all of his various lawsuits.  Gordon's attempt to blame
5  counsel for Gordon's "litigation factory" is entirely without merit.

7  Counsel further denies the allegation, or any implication that Gordon has
8  "paid" counsel for representing Gordon in his pending cases.  It is simply untrue.
9  Counsel denies that Gordon has not been provided a complete accounting of all
10 costs and fees related to counsel's representation of Gordon.  Counsel denies that
11 any of Gordon's funds held in counsel's IOLTA trust fund have been used
12 improperly.  Finally, counsel emphatically and unequivocally denies each and
13 every one of Gordon's remaining allegations.

15 That being said, counsel draws the Court's attention to the inescapable
16 conclusion that the very fact that Gordon has made these allegations compels the
17 court to grant counsel's motion to withdraw as counsel.

19 As set forth in his "Memorandum and Declaration," Gordon has filed a Bar
20 Grievance and a criminal complaint against counsel.  As set forth in counsel's
21 motion to withdraw, Gordon has further threatened to bring a malpractice lawsuit
22 against counsel.  Given Gordon's serious charges and complaints against counsel,
23 it is simply amazing that Gordon would even want counsel to continue to represent

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 3

OMNI v. APOLLO

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

him.  Counsel is at a loss to understand why Gordon would want counsel to continue to represent him if he truly believed counsel has violated the ethical rules, committed criminal acts against him, and committed malpractice.  Regardless of the inherent contradictions of Gordon's accusations against counsel and his professed desire to continue to be represented by counsel, by taking these actions and making these allegations, Gordon has effectively destroyed the attorney client relationship to the point where it is impossible for counsel to continue to simultaneously represent Gordon and comply with the Rules of Professional Conduct (RPCs).

In *WHITING v. LACARA*, 187 F.3d 317; (1999) U.S. App. LEXIS 19952, the United States Court Of Appeals For The Second Circuit considered a similar factual circumstance, where, as is the case here, an attorney's advice had been ignored, the attorney had been threatened with a malpractice suit, and the attorney then sought to withdraw.  The appeals court ruled that forcing the attorney to continue in this circumstance was an abuse of discretion, commenting:

> We have determined that "an attorney who continues to represent a client despite the inherent conflict of interest in his so doing [due to possible Rule 11 sanctions] risks an ethical violation." *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 623 (2d Cir. 1991) (citing *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1471 (2d Cir. 1988), rev'd on other grounds, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989)). In this case, appellee's belief that he can dictate to Lacara how to handle his case and sue him if Lacara declines to follow those dictates leaves Lacara in a position amounting to a functional conflict of interest. If required to continue to

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 4

OMNI v. APOLLO

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

represent Whiting, Lacara will have to choose between exposure to a malpractice action or to potential Rule 11 or other sanctions. To be sure, such a malpractice action would have no merit. However, we have no doubt it would be actively pursued, and even frivolous malpractice claims can have substantial collateral consequences. *WHITING v. LACARA*, 187 F.3d 317, 323.

Counsel has either stayed, or has pending motions seeking a stay, of all of Gordon's pending lawsuits. As such, Gordon will have plenty of time to insure that no prejudice results from counsel's withdrawal. In light of Gordon's very serious accusations against counsel, this Court should immediately grant Mr. Siegel and Mr. McKinley's motions to withdraw.

DATED this 30th day of August, 2007.

**i.Justice Law, P.C.**

_____
Douglas E. McKinley, WSBA #20809
Attorneys for Plaintiffs

_____
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 5

OMNI v. APOLLO

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

## Certificate of Service

I, hereby, certify that on August 30, 2007, I filed the subjoined pleading with this Court via approved CMECF electronic filing, that electronically serves Attorneys for Defendants:

I also certify that that on August 30, 2007, I served the subjoined pleading upon plaintiff James S. Gordon, Jr. electronically by email, and by regular US mail, postage prepaid.

/s/ Robert J. Siegel
Robert J. Siegel

COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL - 6

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

OMNI v. APOLLO